UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| VICKIE E. MOSS, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:15CV857 HEA |
| CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security Administration, | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review pursuant to 42 U.S.C. § 405(g) and 1383(c)(3) of the final decision of Defendant denying Plaintiff's application for disability insurance benefits under Titles II of the Social Security Act (Act), 42 U.S.C. §§ 401-434 and an application for supplemental security income (SSI) benefits under Title XVI, 42 U.S.C. §§ 1381 *et seq*. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### **Facts and Background**

On December 11, 2013, Administrative Law Judge Carol L. Boorady conducted a hearing in Columbia, Missouri and Jefferson City, Missouri. Plaintiff

appeared by video to testify from Jefferson City, Missouri. Ms. Kari Seaver, the vocational expert, testified at the hearing via telephone. Plaintiff was 44 years old at the time of the hearing. Plaintiff completed the 12th grade and received her diploma. Plaintiff has past work experience at Ozark Mountain Technologies in planning (reading purchase orders and then writing up how it would be processed throughout the plant facility). She also had experience as an inspector for the same employer.

Plaintiff testified that she has depression and diabetes. Plaintiff stated she has carpal tunnel in her hands and peripheral artery disease. She also complains of back problems and was told she would need an MRI if the problem persisted, but Plaintiff had not had one as of the date of the hearing. The Plaintiff testified she can only sit for about 20 minutes at a time

The ALJ heard testimony from Kari Seaver, a vocational expert. The Vocational Expert testified that upon reviewing the record regarding past employment, age, education, requirement of a cane for use, elevating the leg 12 inches a couple of times per day, and that the individual could perform at the light range of work. Ms. Seaver concluded there were jobs with requisite restrictions available as a toy stuffer.

The ALJ concluded that the Plaintiff had the severe impairments of atherosclerosis of the extremities with intermittent claudication, diabetes with

2

neuropathy, lumbar degenerative disc disease, obesity, bipolar affective disorder and generalized anxiety disorder.

The Appeals Council denied Plaintiff's request for review on May 11, 2015. The decision of the ALJ is now the final decision for review by this court.

## Statement of Issues

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. The issues in this case are whether the ALJ properly evaluated the severity of the Plaintiff's impairments; whether the ALJ properly evaluated the credibility of Plaintiff; whether the ALJ properly weighed medical opinion evidence in assessing the residual functional capacity of Plaintiff; and whether it was proper to find Plaintiff could perform some of her past relevant wok.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738

3

(8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has

such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. Id... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a

5

significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the

evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F.3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

**ALJ Decision**

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful activity through the date of the alleged onset, April 28, 2012. The ALJ found at Step Two that Plaintiff had the severe impairments atherosclerosis of the extremities with intermittent claudication, diabetes with neuropathy, lumbar degenerative disc disease, obesity, bipolar affective disorder and generalized anxiety disorder. At Step Three, the ALJ found that Plaintiff did not suffer from an

8

impairment or combination of impairments that that meets or medically equals the severity of one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 ( 20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined the Residual Functional Capacity of Plaintiff to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the Plaintiff can occasionally lift up to 20 pounds, frequently lift and carry up to 10 pounds, stand or walk 30 minutes at a time up to 2 hours total, and sit 6 hours total in an 8-hour workday. She cannot climb ropes, ladders, or scaffolds, but can occasionally climb on ramps and stairs, stoop, kneel, crouch, and crawl. She should avoid exposure to work hazards such as unprotected heights and being around dangerous moving machinery. She needs a single-point cane to ambulate and must keep elevate her legs about 12 inches a couple of times a day during regular work breaks. She is able to understand , remember, and carry out simple instructions consistent with unskilled work. The ALJ further concluded Plaintiff required a low-stress environment with no strict production quotas and without being subject to the demands of fast-paced production work. Plaintiff can perform only simple decision-making related to basic work functions and tolerate only minor and infrequent workplace changes. She should not have contact with the general public and engage in contact with coworkers and supervisors only occasionally.

At Step Four it was the finding of the ALJ that Plaintiff is capable of performing past relevant work as a toy stuffer and that the work does not require performance of work-related activities precluded by her residual functional capacity.

The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought in the Application.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*.

(quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "'If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## Discussion

**1. Did the ALJ properly evaluate the severity of Plaintiff's impairments?**

At step two of the sequential evaluation the ALJ found Plaintiff suffered from the following severe impairments: atherosclerosis of the extremities with intermittent claudication; diabetes with neuropathy; lumbar degenerative disc disease; obesity; bipolar affective disorder; and generalized anxiety disorder. The ALJ found that the record was devoid of any medically acceptable diagnoses of carpal tunnel syndrome or polycystic ovarian syndrome. Other alleged

11

impairments by Plaintiff, such as hypertension, hyperlipidemia, pelvic inflammatory disease, and gastroesophageal reflux disease, were not severe under SSA regulations.

At step three of the evaluation process the ALJ determines whether the impairments meet or equal the severity of any listed impairment. Should the impairments meet or equal the criteria for a listed impairment, the claimant is found disabled. If not, the ALJ proceeds to step four. Here the ALJ determined that none of Plaintiff's physical impairments met the criteria to be considered disabling under the listings

What is a severe mental impairment? Severe mental impairment is determined by utilizing the "special technique" set out in 20 C.F.R. §§ 404.1520a and 416.920a. The ALJ must consider four functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. *See id*. §§ 404.1520a(c)(3), 416.920a(c)(3). In this case, after diligently considering these functional areas, the ALJ found that Plaintiff's mental condition was also not disabling under the listings.

The ALJ determined that Plaintiff was only moderately limited with respect to activities of daily living. The record of Plaintiff's testimony reflects that she noted her mental impairment caused excessive sleeping, that she was unable to handle chores and meal planning on her own, and that she required medication

reminders from her mother. The ALJ accurately noted the record of Plaintiff's mental status examinations did not support limited daily activities, but rather frequently revealed goal-directed thoughts, with calm and appropriate affect. The record is devoid of any medical requirement of assistance with chores and meal planning. The ALJ properly concluded Plaintiff was only moderately restricted in daily activities.

The record as reviewed and utilized by the ALJ is fully demonstrable with substantial evidence in support of the finding that Plaintiff had only moderate difficulties in social functioning. Plaintiff complained of crying spells, self-isolation, and trouble getting along with others, but she still saw and spoke with her mother frequently, visited with friends, shopped for groceries and clothes, and occasionally drove a car. In addition treatment notes informed of Plaintiff's adequate hygiene, cooperative demeanor, neat appearance, and normal behavior.

Plaintiff alleged that she lacked concentration, attentiveness, and motivation, and suffered from fatigue, poor memory, and difficulty handling stress. She admitted though she could use a computer for up to 30 minutes at a time, drive a car, attend her appointments, and go shopping, each of which pointed toward the capacity to concentrate sufficiently to perform some work-related tasks. As a result the ALJ reasonably concluded she was only moderately limited in maintaining concentration, persistence, or pace.

Lastly, the ALJ found that Plaintiff had not suffered any extended episodes of decompensation, and had in fact never required psychiatric hospitalization or emergency treatment. In short, substantial evidence supports the ALJ's finding that Plaintiff's mental impairments were not of listing-level severity.

A claimant must show that she meets all of the criteria for the listed impairment; an impairment that manifests only some of those criteria, no matter how severely, does not qualify. *See Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014) (citing *Sullivan v. Zebley*, 493 U.S. 521 (1990)). Merely being diagnosed with a condition named in a listing and meeting some of the criteria will not qualify a claimant for presumptive disability under the listing. *Lott v. Colvin*, 772 F.3d 546, 549 (8th Cir. 2014).

## 2. Did the ALJ properly evaluate the Credibility of Plaintiff?

An ALJ must give reasons if, as in this case, the ALJ does not fully credit the claimant's testimony. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Here, the ALJ concluded Plaintiff's complaints not entirely credible for a number of reasons. The substantial evidence in the record supports the finding in that the ALJ cited the lack of objective medical evidence to support her claims, treatment history, daily activities, her work history as well as her demeanor as she presented at the hearing. The review of the findings and the record provides more than ample and requisite support for the findings of the ALJ. *See Turpin v. Colvin*,

750 F.3d 989, 993-94 (8th Cir. 2014); *McDade v. Colvin*, 720 F.3d 994, 998 (8th Cir. 2013). Although an ALJ may not reject a claimant's subjective complaints solely for lack of objective medical evidence, she may consider the absence of objective medical evidence supporting the degree of severity alleged. *See Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006); *Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004). A claimant's failure to seek out available treatment reflects poorly on her credibility. See Wright, 789 F.3d at 854; Turpin, 750 F.3d at 993. The ALJ may properly weigh conservative treatment as a negative credibility factor. *See Cypress*, 807 F.3d at 951; *Milam*, 794 F.3d at 985. Since the standard of review requires this Court to determine whether substantial evidence supports the ALJ's findings, not whether substantial evidence would also support contrary findings, the inescapable conclusion is that substantial evidence supports the finding of the ALJ. *See Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014).

**3. Did the ALJ Properly Determine Plaintiff's Residual Functional Capacity?**

Plaintiff argues that the ALJ erred by failing to properly evaluate medical opinion evidence in reaching her RFC determination. A claimant's RFC is the most she can do despite the combined effects of her credible limitations. It is the claimant's burden to prove her RFC, and the ALJ must determine RFC based on all relevant evidence in the record. *See Andrews*, 791 F.3d at 928; *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005). The determination of a claimant's RFC at the

15

administrative hearing level is the responsibility of an ALJ alone, and is distinct from a medical source's opinion. *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013).

Since the ALJ must evaluate the record as a whole, the opinions of treating physicians do not automatically control. *Bernard v. Colvin*, 774 F.3d 482, 487 (8th Cir. 2014) (citing *Turpin,* 750 F.3d at 993); *Davidson v. Astrue*, 501 F.3d 987, 991 (8th Cir. 2007) ("'[A]n appropriate finding of inconsistency with other evidence alone is sufficient to discount' a treating physician's RFC." (quoting *Goff*, 421 F.3d at 790-91)). An ALJ is responsible for weighing conflicting evidence, resolving disagreements among physicians, and giving good reasons for the weight assigned. *Cline*, 771 F.3d at 1103.

Plaintiff references Dr. Gowda in much regard. Dr. Gowda indicated that Plaintiff's abilities were "poor or none" in 13 of 15 categories relating to Plaintiff's capacity to make occupational, performance, and personal-social "adjustments". The substantial evidence of the record supports the ALJ conclusion in giving little weight to Dr. Gowda. There were no additional notes or descriptions provided by Dr. Gowda.

Partial weight was given to Dr. Mason, the primary care physician of Plaintiff. Dr. Mason noted Plaintiff could stand for 30 minutes at a time, elevate her legs to relieve discomfort and use a cane prescribed by Mason. And the

consideration of other evidence such as the independent living specialist, state agency consultants, or statements by the mother of Plaintiff were either in conflict with other objective evidence in the record, or had no other independent objective support. It is academic that Courts will not re-weigh evidence presented to an ALJ, and will defer to the ALJ's findings if, as in the present case, those findings are supported by good reasons and substantial evidence. *See, e.g., Andrews*, 791 F.3d at 928; *Johnson*, 788 F.3d at 873.

In this case, the ALJ fairly weighed medical opinions—along with the other evidence in the case, including considerable evidence that undermined Plaintiff's credibility—and explained good reasons relating to the RFC determination.

**4. Did the ALJ Properly Determine that Plaintiff Could Perform Some Past Relevant Work?**

In order to determine whether a claimant can perform her past relevant work, the ALJ must compare the claimant's RFC with the demands of her prior work. The ALJ questioned a vocational expert about a hypothetical claimant with Plaintiff's RFC. The hypothetical to a vocational expert, need only include impairments that the ALJ finds credible. *Smith v. Colvin*, 756 F.3d 621, 627 (8th Cir. 2014). A vocational expert's testimony based on a properly phrased hypothetical question constitutes substantial evidence. *Goff*, 421 F.3d at 794. In this case, the expert identified multiple occupations in Plaintiff's work history, and testified that a hypothetical claimant with Plaintiff's work experience and

limitations could perform one of them, that of toy stuffer, as well as other jobs. Because Plaintiff's limitations would not prevent her from performing this past work, the ALJ found she was not disabled at step four.

The ALJ's clear and specific opinion is supported by substantial evidence in the record, and therefore must be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 3rd day of June, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE